UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

In Re:  William C. Bellamy, Jr.            )
        Keisa W. Bellamy                    )
                                            )
                                            )   Case No: B-10-81255    C-13D
                                            )
                                            )
                Debtor(s)                   )


ORDER ALLOWING SUBSTITUTION OF COLLATERAL AND ATTORNEY FEES

THIS MATTER having come before the Court for hearing pursuant to the motion by the Debtors for substitution of collateral and for attorney fees; and all interested parties having received proper notice of the hearing, at the hearing, Koury Hicks, Esq. appeared on behalf of the Debtors, and Benjamin E. Lovell, Esq. appeared on behalf of the Standing Trustee; the Court makes the following:

FINDINGS OF FACT

1. The Debtors filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on July 16, 2010.

2. At the time the Debtors filed the Chapter 13 petition, the Debtor owned a 2005 Dodge, on which State Employees' Credit Union (hereinafter "the Creditor") held a valid first lien and a second cross-collateralized claim with a secured portion allowed in the amount of $4,469.61.

3. The Creditor is being paid through disbursements by the Trustee pursuant to the Confirmation Order in this case.

4. The 2005 Dodge was involved in an accident and was deemed a total loss.

5. The loss of the 2005 Dodge leaves the Debtors without reliable transportation. A vehicle is necessary to the Debtors' reorganization.

6. The vehicle was insured with Nationwide Insurance Co. at the time of the accident.

7. The current approximate balance owed to the Creditor on its secured claims is $3,477.59 and $4,105.10 for a total of $7,582.69.

8. Nationwide Insurance Co. is holding the insurance proceeds of $8,517.77.

9. The Debtors' request for substitution of collateral would not cause undue hardship upon the Creditor and replacement of the collateral would not adversely affect the Creditor's secured claim in this case.

10. To allow the Creditor to retain the insurance proceeds as a result of this accident would seriously jeopardize the Debtors' reorganization and would place the Creditor in a position of being paid early at the expense of the Debtors' reorganization.

11. The Creditor should be required to forward the clear title to the vehicle to Nationwide Insurance Co. upon written notification from the Debtors' attorney that the insurance proceeds have been received by the Debtors' attorney.

12. The Debtors incurred reasonable and necessary attorney fees in the prosecution of this Motion.

BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. The loss of the 2005 Dodge leaves the Debtors without reliable transportation necessary for reorganization.

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED AS FOLLOWS:

1. The Debtors are allowed to substitute collateral, as a result of which the Creditor will release its lien on the 2005 Dodge and obtain a first lien upon the replacement vehicle.

2. The replacement vehicle chosen by the Debtors must be mutually acceptable to the Debtors and the Creditor and must be comparable in value to the 2005 Dodge. Prompt consent (within twenty-four hours) shall not be unreasonably withheld or delayed by the Creditor.

3. The insurance proceeds from the 2005 Dodge shall be paid by the insurance company forthwith to the trust account of the Debtors' attorney, to be held by the attorney and released to the seller of the replacement vehicle only under such circumstances that the Creditor is entered as the first lienholder on the title to the replacement vehicle.

4. The Debtors' attorney shall upon receipt of the insurance proceeds immediately provide written notification to the Creditor that the insurance proceeds have been received and that the clear title to the vehicle should be immediately turned over to the insurance company.

5. The Creditor is required to immediately forward the clear certificate of title to the insurance company upon notification by the Debtors' attorney that the insurance proceeds have been received.

6. Any insurance proceeds not used for the purchase of the replacement vehicle shall be delivered by the Debtors' attorney to the Trustee for disbursement on the Creditor's secured claim.

7. The Debtors' attorney is allowed the presumptive fee of $450.00 for services in connection with this motion, to be paid through disbursements by the Trustee.

**PARTIES IN INTEREST**
**Page 1 of 1**
**10-81255 C-13D**

William C. Bellamy
Keisa W. Bellamy
111 Geranium St.
Durham, NC  27704

John T. Orcutt, Esq.
6616-203 Six Forks Rd.
Raleigh, NC 27615

Richard M. Hutson, II
Standing Trustee
PO Box 3613
Durham, NC 27702

State Employees' Credit Union
PO Drawer 25279
Raleigh, NC 27611